UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DOUGLAS MARSHALL JACKSON,

    Plaintiff,

v.                          Case No. 3:20cv5882-LC-HTC

FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

    Defendants.

_____/

ORDER and REPORT AND RECOMMENDATION

Plaintiff, a prolific filer, and referring to himself as "'Tribal' King, Chief, Elder, Prophet, Overseer, Authorized Representative, Registered Agent and Incorporator douglas marshall jackson (Always spelled in all lowercase letters)", ECF Doc. 1 at 20, initiated this action by filing a civil rights complaint purportedly on behalf of his religious organization, "Almighty Yahweh's AFROCENTRIC BAYITH YAHWEH YAHDAIM AFRICAN HEBREWS ("ABYYAH") CORPORATION." ECF Doc. 1 at 2. As an initial matter, a corporate entity must be represented by counsel and cannot appear *pro se* or be represented by a non-

lawyer.[1]  Regardless, Plaintiff, Douglas Marshall Jackson, is a three-striker who filed the complaint without payment.  Indeed, as will be discussed further below, since the filing of the complaint in October, no filing fee has been paid.  Instead, Plaintiff has inundated the Court with a barrage of nonsensical filings, including motions for extensions of time for the "Church" to pay the filing fee, which the undersigned finds to be nothing more than Plaintiff's efforts to obstruct this case.

Pending before the Court are the following: (1) Complaint (ECF Doc. 1); (2) "Emergency" Petition (ECF Doc. 6); (3) Supplement to the "Emergency" Petition (ECF Doc. 7); (4) Motion for Protection (ECF Doc. 8); (5) Second Motion for an Enlargement of Time to Pay Filing Fee and Petition to Impose Sanctions (ECF Doc. 9); and (6) Emergency Motion for Injunction (ECF Doc. 10).

For the reasons set forth below, the undersigned recommends the complaint be DISMISSED, without leave to amend, for Plaintiff's failure to pay the filing fee and because the complaint is frivolous and fails to state a claim upon which relief may be granted.  This dismissal will moot Plaintiffs' motions for injunctive relief (ECF Docs. 8, 10), which do nothing more than recite the same allegations made in the complaint.  Additionally, Plaintiff's second motion for extension of time (ECF

---

[1] *See, e.g., Palazzolo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) (stating that "a corporation is an artificial entity that . . . cannot appear *pro se*, and must be represented by counsel").

Doc. 9) and motions seeking relief based on the institution's alleged failure to withdraw the funds (ECF Docs. 6, 7) are DENIED.

I.  **FAILURE TO DISCLOSE**

Plaintiff is no stranger to the courts.  Plaintiff is a serial filer, having filed *at least* thirty-nine (39) lawsuits by 2015.  *See Jackson v. Secretary, Florida Department of Corrections, et al.*, No. 1:15-cv-20906-JLK, ECF Doc. 8, at 1–6 (S.D. Fla. March 17, 2015) (listing thirty-nine (39) lawsuits filed by Jackson).  Indeed, in 2002, in a case dismissed by Judge Paul in this district, Jackson described himself as "a high profile civil right[s] activist and litigator within and against the Fla. Dept. of Corrections (FDOC)."  *Jackson v. Fla. Dep't Corr.*, 5:02-cv-122-MP, ECF Doc. 1 at 8 (N.D. Fla. Mar. 25, 2002).

A recent PACER search identified over 100 cases that appear to have been filed by Jackson in the federal courts against the FDOC or its employees, including many in this district that were dismissed as frivolous or for failing to state a claim. *See, e.g.*, *Jackson v. Florida Department of Corrections, et al.*, No. 4:97-cv-58-RH (N.D. Fla. June 11, 1997) (dismissing case for failure to state a claim upon which relief may be granted); *Jackson v. Singletary*, No. 4:98-cv-26-WS (N.D. Fla. May 20, 1998) (dismissing case as frivolous); *Jackson v. Florida Department of Corrections, et al.*, No. 4:01-cv-205-RH (N.D. Fla. Oct. 9, 2001) (dismissing case for failure to state a claim upon which relief may be granted).

Yet, despite all these cases and despite knowing his obligations to the Court, Plaintiff failed to disclose *any* of these prior cases. Instead, under the "prior litigation" section of his complaint, Plaintiff stated "N/A."[2] ECF Doc. 1 at 20. This response is clearly misleading and inaccurate given the multitude of litigation Plaintiff has filed. It is also not the first time Plaintiff has failed to be forthright with the Court. In 2009, Judge Paul dismissed Plaintiff's action as malicious and sanctioned Plaintiff for filing a claim "under a false name in an effort to abuse the judicial process" and avoid the implications of § 1915(g). *Jackson v. Florida Department of Corrections, et al.*, No. 4:08-cv-417-MP-WCS, ECF Doc. 48 (N.D. Fla. Jul. 29, 2009). It is not this Court's job to identify Plaintiff's prior litigation, and the Court should not countenance such lack of candor. As a judge from this district has stated:

> [D]ismissal without prejudice is not too severe a sanction under these circumstances. If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose. And word does get around the prisons.

*See Rodriguez v. Inch*, 4:19-cv-191-RH-HTC, ECF Doc. 52 (N.D. Fla. June 7, 2020). Thus, the undersigned recommends Plaintiff's case be dismissed as malicious and

---

[2] Although Plaintiff did not use this Court's required forms, his complaint contains many of the same sections.

No. 3:20cv5882-LC-HTC

frivolous for Plaintiff's failure to disclose. *Johnson v. Crawson*, No. 5:08CV300/RS/EMT, 2010 WL 1380247, at *1 (N.D. Fla. Mar. 3, 2010), *report and recommendation adopted*, No. 508CV300/RS-EMT, 2010 WL 1380228 (N.D. Fla. Mar. 31, 2010) (dismissing case for failing to disclose prior litigation history).

## II.   FAILURE TO PAY

Additionally, Plaintiff filed his complaint without payment of the filing fee, which he knew he was obligated to pay because he is a three-striker and cannot proceed *in forma pauperis*. *See Jackson v. The Florida Department of Corrections, Inc., et al.*, No. 1:20-cv-20777, ECF Doc. 23 (S.D. Fla. Apr. 8, 2020) (recognizing Plaintiff's status as a three-striker). Despite Plaintiff's obvious familiarity with the courts and his obligations when filing suit, instead of paying his filing fee, Plaintiff instead filed two (2) motions (ECF Docs. 5 and 9), which, when read liberally, appear to request extensions of time to pay the fee. Additionally, Plaintiff has also filed two motions (ECF Docs. 6 and 7), titled as Emergency Petitions, alleging the institution will not deduct the funds from his account.

The Court granted the first extension (ECF Doc. 5) but finds no basis to grant the second motion or emergency motions. Although Plaintiff alleges the institution is impeding his efforts to submit the filing fee and attaches a "copy" of the Special Withdrawal Form that he allegedly submitted for the $400.00 filing fee, Plaintiff does not attach any documents showing he has the funds in his account to make the

payment or documents showing he has filed grievances on the matter that have been denied. Moreover, there is no indication on the "special withdrawal form" that it was received by or submitted to prison officials. Indeed, it appears this is not the first time Plaintiff has suggested that an institution refused to withdraw funds for the filing fee. *See, e.g.*, *Jackson*, No. 1:15-cv-20906-JLK, ECF Doc. 24, at 2 (dismissing Jackson's case for failure to pay filing fee despite Jackson's allegation that "he has money in a private bank account, but the bank is denying him access to the funds").

Also, Plaintiff knows he is obligated to pay the fee at the time of filing and that failure to pay the fee at the time of filing results in a dismissal, as he has had prior cases dismissed on this ground. *See id.; Jackson v. Florida Department of Corrections, et al.*, No. 14-14005-CIV-MARRA, ECF Doc. 7 (S.D. Fla. Jan. 6, 2014) (dismissing without prejudice because Jackson did not pay filing fee and is barred from proceeding *in forma pauperis*, and instructing Jackson, "After the third meritless suit, the prisoner must pay the full filing fee at the time he initiates suit"); *Jackson v. Secretary, Department of Corrections*, No. 8:19-cv-1666-T-36SPF, ECF Doc. 3 (M.D. Fla. July 18, 2019) (dismissing without prejudice for same). Yet, Plaintiff filed this action without payment of the fee.

Indeed, it is well-settled that a prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his

failure to do so warrants dismissal of his case without prejudice.³ N.D. Fla. Loc. R. 5.3 ("A party who files or removes a civil case must simultaneously either pay any fee required under 28 U.S.C. § 1914 or move for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915."); *see Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that, after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). The undersigned finds no reason to diverge from that procedure here.

### III. PLAINTIFF'S CLAIMS ARE FRIVOLOUS, MALICIOUS, AND FAIL TO STATE A CLAIM

Because Plaintiff is a prisoner seeking relief against governmental entities or employees, the Court has an obligation to screen his complaint and dismiss any claims that are frivolous, malicious, or fail to state a claim. 28 U.S.C. § 1915A. To

---

³ Although one exception exists for prisoners alleging imminent danger of physical harm, the exception does not apply here because (1) Plaintiff asserts he is trying to pay the filing fee and is not attempting to proceed *in forma pauperis*, and (2) to the extent Plaintiff's Covid-19 allegations could be liberally construed as an attempt to allege imminent danger, several courts have determined such allegations are insufficient. *See, e.g.*, *Jones v. Douglas Cty. Jail*, 2020 WL 1492703, at *1 (D. Kan. Mar. 27, 2020), *reconsideration denied*, 2020 WL 1686830 (D. Kan. Apr. 7, 2020); *Littlejohn v. Whitmer*, 2020 WL 1685310, at *3 (W.D. Mich. Apr. 7, 2020); *Johnson v. Wilcher*, 2020 WL 2064935, at *2 (S.D. Ga. Apr. 28, 2020).

No. 3:20cv5882-LC-HTC

survive dismissal at the screening phase, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Upon such screening, the undersigned finds, even if Plaintiff had paid his filing fee and disclosed his prior litigation history, the complaint would still be subject to dismissal as frivolous and for failing to state a claim.

Plaintiff's complaint names as defendants the Secretary of the FDOC, the FDOC, and the Chaplain, Warden, and two Assistant Wardens at Century Correctional Institution ("Century C.I."), where he is currently incarcerated.

As an initial matter, Plaintiff's complaint (and indeed all of his filings) are replete with conclusory allegations and nonsensical assertions. For instance, in the complaint, Plaintiff instructs this Court that "The Church . . . at NO-TIME before the Court SHALL be or converted into SATAN's false, fraudulent or idol Man-made, Satanic or Demonic: (a) inmate, (b) prisoner, (c) DC Number, (d) Person, (e) Individual, . . . (g) Plaintiff, . . . (j) Etc., etc." *Id.* at 3. Plaintiff explains these labels are "all 'DEAD' and 'NON-LIVING' Entities and, by Rule as Law, can NOT be applied to . . . The Church" because "The Church" is "NOT BOUND" by such "GENERAL WORDS." *Id.* He further alleges he has experienced a litany of injuries, including, *inter alia*, "SUBSTANTIAL BURDENS and IMMINENT DANGERS—imposed 'Religious': (a) 'SPIRITUAL-DEATH,' (b) 'SPIRITUAL

DEATH PENALTY' and, (c) Eternal 'SENTENCE TO HELL' for practices of 'SIN . . . .'" *Id.* at 11–12.

From what the undersigned can decipher, Plaintiff's allegations center on alleged violations of the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc ("RLUIPA"), based upon alleged "substantial burdens" placed on Plaintiff's ability to practice his religion. For example, Plaintiff asserts Defendants have "'BLANKET-DENIED' to accommodate or provide The Claimants at Law . . . with any and all 'RELIGIOUS LIBERTIES.'" However, Plaintiff provides no facts or details to support these claims and instead makes purely conclusory allegations as to all Defendants. *Id.* at 7. Plaintiff also alleges Defendants failed to protect "The Abyyah Church Citizens" from the Covid-19 virus, *id.* at 9–11, but Plaintiff does not allege he contracted Covid-19, identify who the citizens are, or state why he has standing to bring such a claim on behalf of the "citizens."

Plaintiff alleged similar RLUIPA claims in a case he filed in the Southern District of Florida, which was dismissed for failure to state a claim. *See Jackson v. The Florida Department of Corrections, Inc., et al.*, No: 1:20-cv-20777, ECF Doc. 23 (S.D. Fla. Apr. 8, 2020). The court noted, "The Amended Complaint contains no factual allegations, other than conclusory assertions that Defendants have denied 70 itemized religious accommodations." *Id.*; *see also Jackson v. Secretary, Department*

*of Corrections, et al.*, 5:20-cv-237-Oc-37PRL, ECF Doc. 41 (M.D. Fla. Aug. 13, 2020) (dismissing Jackson's amended complaint asserting RLUIPA claims for failure to state a claim and noting that the complaint "is replete with incoherencies and irrelevant legal conclusions"); *Jackson v. Inch*, No. 6:19-cv-01369-GKS-LRH, ECF Doc. 3 (M.D. Fla. Aug. 7, 2019) (noting that Jackson's allegations, which include RLUIPA claims, are "virtually unintelligible, as the Court is unable to discern the basis upon which Plaintiff claims entitlement of relief").

Specifically, in the Southern District's 2020 order, the court explained, "Plaintiff has not . . . set forth the specific incidents or actions Defendants took that Plaintiff contends violated the RLUIPA, the dates on which the actions or incidents occurred, or where the incidents or actions occurred." *Jackson*, No: 1:20-cv-20777, ECF Doc. 23 at 3.  The court also noted that the "Amended Complaint is replete with incoherencies and irrelevant legal conclusions," then the court quoted an assertion similar to the one mentioned above, *supra* at 3, concerning "SATAN's false, fraudulent or idol Man-made" terms. *Id.* at 4.  As a result, the court concluded Plaintiff's amended complaint "fails to sufficiently allege a claim that is plausible on its face." *Id.* at 5.

Here, Plaintiff's complaint, as it relates to the RLUIPA claims, fares no better. Plaintiff's RLUIPA allegations are similarly conclusory and incoherent, and Plaintiff fails to allege any facts applicable to any Defendants that warrant relief.  "A

complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory." *Gonzalez v. Reno*, 325 F.3d 1228, 1235 (11th Cir. 2003). Given Plaintiff's prior filings in other courts on these same claims, the undersigned finds the claims here to be frivolous and malicious and to fail to state a claim.

Further, to the extent Plaintiff seeks relief in relation to his Covid-19 allegations (ECF Doc. 1 at 9–10), the undersigned finds Plaintiff has not stated a claim. Plaintiff has not alleged an injury in relation to his Covid-19 claims, as he does not appear to have contracted Covid-19. Instead, Plaintiff asserts broadly that the "culture and environment conditions of confinement" concerning Covid-19 in the FDOC "threatens The ABYYAH Church Citizens." *Id.* at 10.

Even assuming, *arguendo*, Plaintiff has standing to sue on behalf of other inmates regarding the Covid-19 claims, which he does not, Plaintiff's complaint fails to set forth sufficient facts to state a claim. Whether phrased in terms of a conditions of confinement claim, a failure to protect claim, or a deliberate indifference claim— Plaintiff must allege facts sufficient to satisfy two components: one objective and the other subjective. *See Farmer v. Brennan*, 511 U.S. 825, 846 (1994). That is, in addition to alleging a risk of serious medical harm (which COVID-19 certainly represents), a prisoner must also satisfy a subjective prong by showing that the prison officials acted with deliberate indifference to that risk. *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004). This requires Plaintiff to make the following three sub-

showings as to **each** defendant: (1) subjective knowledge of a serious risk of harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence. *Id.; Swain v. Junior*, 961 F.2d 1276, 1285 (11th Cir. 2020).

As the Eleventh Circuit recently stated in *Swain,* which involves a claim of deliberate indifference to COVID-19, "As applied in the prison context, the deliberate indifference standard sets an appropriately high bar. A plaintiff must prove that the defendant acted with 'a sufficiently culpable state of mind.'" *Id.* (citing *Farmer*, 511 U.S. at 834). Deliberate indifference requires the defendant to have a subjective "state of mind more blameworthy than negligence," *Farmer*, 511 U.S. at 835, closer to criminal recklessness, *id.* at 839–40.

As in *Swain*, it is this second component of a deliberate indifference claim that Plaintiff does not meet. Namely, Plaintiff has not alleged facts sufficient to show that any of the Defendants acted with a culpable state of mind. To the contrary, Plaintiff makes general allegations as to all Defendants, lumping them together with regard to the same allegations. ECF Doc. 1 at 9–10. For instance, Plaintiff alleges general statistics regarding individuals in *all* of the prisons operated by the FDOC,[4] stating that fifty (50) men "have lost their lives and have 'DIED' from 'COVID-19'

---

[4] To the extent Plaintiff seeks monetary damages from the FDOC, he may not do so because the FDOC is a state agency and thus not a person within the meaning of § 1983. *Bennett v. Sec'y, Fla. Dep't of Corr.*, 2012 WL 4760856, at *1 (N.D. Fla. Aug. 27, 2012), *report and recommendation adopted sub nom. Bennett v. Fla. Dep't of Corr.*, 2012 WL 4760797 (N.D. Fla. Oct. 2, 2012).

No. 3:20cv5882-LC-HTC

to dated [sic] within the Department!"  Plaintiff also alleges "IRREPARABLE INJURIES due directly to Defendants['] widespread culture and environment of CDC and DOH COVID-19 violations," then he lists a variety of allegations, namely, that "The Defendants" fail to sanitize certain items and locations, fail to practice social distancing and mask-wearing, and mix inmates who have contracted Covid-19 with inmates who have not.  *Id.*

Plaintiff's allegations are devoid of any facts relating specifically to his current confinement at Century C.I. or the Defendants who work at Century C.I.; rather, the allegations appear to apply to *every* prison operated by the FDOC.  These broad and conclusory allegations are insufficient to demonstrate that *any* individual Defendant acted with a culpable state of mind.  *See Iqbal*, 556 U.S. at 679 (holding that pleadings containing no more than conclusions are not entitled to an assumption of truth).

## IV.   CONCLUSION

Based on the above, Plaintiff's claims should be dismissed as frivolous, malicious, and for failing to state a claim.  Plaintiff failed to pay the filing fee despite his three-striker status and failed to disclose his prior litigation history.  Also, Plaintiff purports to bring this action on behalf of a non-profit corporation, and corporations cannot appear *pro se* or represented by non-lawyers.

Accordingly, it is ORDERED:

1. Plaintiff's "Emergency" Petition (ECF Doc. 6), Supplement to the "Emergency" Petition (ECF Doc. 7), and Second Motion for Extension (ECF Doc. 9) are DENIED.

It is also RECOMMENDED:

1. Plaintiff's complaint (ECF Doc. 1) be DISMISSED as frivolous, malicious, and for failing to state a claim.

2. Plaintiff's Motion for Protection (ECF Doc. 8) and Emergency Motion (ECF Doc. 10) be DENIED.

3. The clerk be directed to close the file.

Done in Pensacola, Florida, this 16th day of December, 2020.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the**

**district court's order based on the unobjected-to factual and legal conclusions.** ***See*** **11th Cir. Rule 3-1; 28 U.S.C. § 636.**